IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

**ROBERT ROBINSON, III**                                                                **PETITIONER**
REG# 25093-509

V.                        Case No. 2:24-CV-00212-KGB-BBM

**CHAD GARRETT, Warden**
FCI-Forrest City Low                                                                     **RESPONDENT**

## RECOMMENDED DISPOSITION

This Recommended Disposition ("Recommendation") has been sent to Chief United States District Judge Kristine G. Baker. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not file objections, Chief Judge Baker may adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

**I.      INTRODUCTION**

On November 22, 2024, Robert Robinson, III ("Robinson"), a prisoner then incarcerated at the Federal Correctional Institution in Forrest City, Arkansas ("FCI-Forrest City Low"), filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). In his Petition, Robinson argues that he is entitled to immediate pre-release placement in a residential re-entry center or on home confinement. *Id.* at 3–4. Robinson

"asks that this court find the BOP[1] has abused its discretion . . . and issue an order directing the BOP to calculate his time credits in accord with the mandates of these applicable federal statutes." *Id.* at 14. Respondent Chad Garrett filed a Response to Robinson's Petition, requesting that the Petition be dismissed for failure to exhaust administrative remedies and arguing that the Court lacks jurisdiction to grant the requested relief. (Doc. 5).

On March 18, 2025, this Court entered an Order requesting an update on Robinson's custodial status to determine whether Robinson's Petition was moot. (Doc. 8). The next day, Respondent Francene Helaire, the Acting Warden at the time, filed a Supplemental Response to the Order, informing the Court that Robinson was currently placed in a Residential Reentry Center, or halfway house, in Leavenworth, Kansas. (Doc. 9 at 2). On September 12, 2025, Respondent—now C. Humphrey—filed a Second Supplemental Response, asserting that Robinson was released from BOP custody on August 29, 2025.[2] (Doc. 10 at 2).

To date, Robinson has not filed a reply or otherwise responded to the Court's orders, and the time to do so has passed. For the reasons set for below, this Court recommends that Robinson's Petition be dismissed without prejudice as moot.

---

[1] BOP is the shortened form of "Bureau of Prisons."

[2] C. Humphrey is the current Warden at FCI-Forrest City Low. The Court recommends that the Clerk of Court be directed to update the docket accordingly.

## II. DISCUSSION

### A. Legal Standard – Mootness

"'Article III of the United States Constitution limits the jurisdiction of the federal courts to actual, ongoing cases and controversies.'" *Ali v. Cangemi*, 419 F.3d 722, 723 (8th Cir. 2005) (en banc) (quoting *Haden v. Pelofsky*, 2 12 F.3d 466, 469 (8th Cir. 2000)). A case is considered moot "[w]hen, during the course of litigation, the issues presented in a case lose their life because of the passage of time or a change in circumstances . . . and a federal court can no longer grant effective relief." *Id.* (second alteration in original) (cleaned up). When a case becomes moot, a federal court cannot "address the merits because any opinion [the court] would issue would be merely advisory." *In re Search Warrants Issued in Connection with Investigation of S. Cent. Career Ctr., W. Plains, Mo.* ("*In re Search Warrants*"), 487 F.3d 1190, 1192 (8th Cir. 2007) (citing *Haden*, 212 F.3d at 469). Indeed, "if an issue is moot in the Article III sense, [the court has] no discretion and must dismiss the action for lack of jurisdiction." *Cangemi*, 419 F.3d at 724 (citing *Powell v. McCormack,* 395 U.S. 486, 496 n.7 (1969)).

A finding of mootness does not end the Court's analysis, however. A habeas petition should not be dismissed as moot if any of the exceptions to the mootness doctrine apply: "(1) secondary or 'collateral' injuries survive after resolution of the primary injury; (2) the issue deemed wrong is capable of repetition yet evading review; (3) the defendant voluntarily ceases an allegedly illegal practice but is free to resume at any time; or (4) it is a properly certified class action suit." *Marin-Angel v. Segal*, No. 23-CV-3209 (JMB/LIB),

3

2024 WL 2702780, at *3 (D. Minn. Apr. 23, 2024) (citation omitted), *report and recommendation adopted*, (JMB/LIB), 2024 WL 2702180 (D. Minn. May 24, 2024); *see also Spencer v. Kemna,* 523 U.S. 1, 7 (1998) (discussing mootness and its exceptions in the habeas context); *Howard v. Hendrix*, No. 2:19-CV-00113-KGB-JTR, 2019 WL 10745050, at *3 (E.D. Ark. Nov. 5, 2019), *report and recommendation adopted*, 2020 WL 5775186 (E.D. Ark. Sept. 28, 2020).

**B.     Analysis**

Robinson, before his release from custody, asked this Court to order the BOP to recalculate his time credits. Because Robinson is now no longer in BOP custody, the Court cannot grant him his requested relief. Any potential time credits are no longer applicable as Robinson's sentence has been discharged. Thus, Robinson's Petition is moot. Additionally, as the Court explains below, none of the exceptions to mootness apply in this instance.

First, Robinson has not identified any collateral consequences from his alleged injury. Second, this issue is not "capable of repetition yet evading review," because Robinson cannot reasonably expect to be subjected to the same action again. *See In re Search Warrants*, 487 F.3d at 1193 (finding that the capable-of-repetition exception applies when there is a "reasonable expectation" that the same party "will be subjected to the same action again"). Third, the BOP is not "free to resume" Robinson's incarceration "at any time." Were Robinson to be returned to BOP custody for violating supervised release, it would be under a different set of facts than those giving rise to his original petition. *See Scheper v. Rios*, No. 19-CV-402 (MJD/ECW), 2020 WL 4060729, at *3 (D. Minn. June 5,

4

2020) (finding that a habeas petitioner's return to prison after release to home confinement would involve a new set of circumstances, thus precluding application of the voluntary-cessation exception), *report and recommendation adopted*, 2020 WL 4059875 (D. Minn. July 20, 2020). Fourth and finally, Robinson's case does not involve a class of petitioners. Because none of these exceptions apply, Robinson's Petition is moot.

### III.   CONCLUSION

Robinson is no longer in BOP custody. (Doc. 10 at 2). Robinson's transfer out of custody renders his Petition moot, and none of the exceptions to the mootness doctrine apply. Accordingly, the Court recommends that Robinson's Petition be dismissed without prejudice as moot.

IT IS THEREFORE RECOMMENDED THAT:

1.   Robinson's § 2241 Petition, (Doc. 1), be DISMISSED without prejudice as moot.

2.   Judgment be entered accordingly.

3.   The Clerk of Court be directed to update the docket to reflect C. Humphrey as Respondent.

DATED this 18th day of September, 2025.

_____
UNITED STATES MAGISTRATE JUDGE